## Miller, etc., v. Beneficial Saving Fund Society of Philadelphia

*E. Spencer Miller*, for plaintiff.
*David J. Smyth*, for defendant.

LEVINTHAL, J., July 24, 1939.—Plaintiff, a minor, is seeking to recover from defendant Saving Fund Society deposits made by plaintiff's deceased father, during his life, in trust for plaintiff. Defendant refuses to pay the deposit to minor plaintiff on the ground that she is not sui juris to receive the funds in the account upon her own personal order or check, and insists that a guardian should be appointed for plaintiff.

Plaintiff relies upon the following provisions of the Pennsylvania Banking Code of May 15, 1933, P. L. 624, 7 PS §819 (cf. Act of May 20, 1889, P. L. 246, sec. 16) :

"Section 902. Deposits in the Name of Minors.—Any institution may receive deposits by or in the name of a minor, and shall pay such deposits and any interest thereon to such minor, upon his proper check, order, or receipt, as the case may be, without the assent of his parent or guardian. The parent or guardian of such minor shall not, in his capacity as parent or guardian, have the power to attach, or in any manner interfere, with such deposit. . . .

"Section 904. Death of One Making Deposit as Trustee.—Whenever a deposit shall be made in an institution by any person describing himself, in making such deposit, as trustee for another, and no other notice of the existence and terms of a valid trust than such description shall have been given in writing to the institution, such deposit, or any part thereof, together with interest thereon, may, upon satisfactory proof of the death of the person so described as trustee, be paid to the person for whose benefit the deposit was thus stated to be made, upon his proper check, order or receipt, as the case may be."

It is contended by plaintiff that, reading the two sections together, a deposit by a father in trust for his minor daughter becomes, upon the father's death, a deposit in the name of the minor, and that the bank thereupon is obliged to pay the deposit to the minor, without the intervention of any guardian. Defendant's position is that there is a clear distinction in the Banking Code between a deposit in the name of a minor and a deposit by one in trust for a minor, and that the bank cannot be compelled to pay a minor cestui que trust deposits made by a trustee who has died. No Pennsylvania decision on this question has been cited by counsel, and none has been found by us.

Plaintiff's rule for judgment for want of a sufficient affidavit of defense having been discharged, a reargument was granted upon presentation of plaintiff's petition setting forth that a New York court decision, claimed by defendant to support its position, did in fact sustain plaintiff's contention.

An examination of that case, McCarthy v. North River Savings Bank et al., 163 Misc. 58, 296 N. Y. Supp. 298 (1937), affirmed 253 App. Div. 885 (1938), indicates that it supports neither plaintiff's nor defendant's contentions. It is true that sections 902 and 904 of our Banking Code correspond substantially with subdivisions 1 and 2 of section 249 of the New York Banking Law of April 16, 1914, N. Y. Laws of 1914, chap. 369, and that the McCarthy case held that the New York legislature intended both sections to be read together, so as to permit payment to be made by a savings bank to an infant cestui que trust after the death of the trustee (at least where the infant is not of such tender years as to lack capacity to understand the transaction).

The question before us, however, is not whether defendant Saving Fund Society would be protected if it paid plaintiff the amount on deposit, but whether defendant is legally obliged to honor the check, receipt or order of minor plaintiff in the withdrawal of the funds in the trust account.

It is to be noted that the word "may" is used in section 904, whereas the word "shall" is used in section 902. We are of the opinion that though sections 902 and 904 be read together, and though the Saving Fund Society would be protected if, in the exercise of its discretion, it paid minor plaintiff the amount on deposit, defendant cannot be compelled to pay plaintiff the amount deposited by her deceased father in trust for her.

Our order discharging the rule for judgment for want of a sufficient affidavit of defense remains undisturbed.